Deborah C. Prosser (SBN 109856)
Stephanie A. Hingle (SBN 199396)
KUTAK ROCK LLP
515 So. Figueroa Boulevard, Suite 1240
Los Angeles, CA 90071
Telephone: (213) 312-4000
Facsimile: (213) 312-4001
Email: Deborah.Prosser@KutakRock.com
Email: Stephanie.Hingle@KutakRock.com

Attorneys for Defendants
GENERAL ELECTRIC COMPANY and
GE HEALTHCARE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM PASCHAL and PATRICIA PASCHAL,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER HEALTHCARE LLC; GENERAL ELECTRIC COMPANY; GE HEALTHCARE, INC.; COVIDIEN, INC.; MALLINCKRODT, INC.; and BRACCO DIAGNOSTICS, INC.,<br><br>Defendants. | Case No. 3:08-cv-01298 EMC<br><br>**NOTICE OF MULTIDISTRICT LITIGATION TRANSFER ORDER AND CONDITIONAL TRANSFER ORDER**<br><br>**[Jury Trial Demanded]** |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on February 27, 2008, the MultiDistrict Litigation Panel issued a Transfer Order and on March 7, 2008 issued a Conditional Transfer establishing an MDL for Gadolinium-based constrast agent actions. Attached collectively hereto as Exhibit "A" are true and correct copies of the Orders.

1  Once removal of this case has been effected, counsel for General Electric
2  Company and GE Healthcare Inc. will identify this case as a "tag-along" subject to
3  transfer.

4  Dated: March 25, 2008                    KUTAK ROCK LLP

6  By: *[signature: Stephanie Hingle]*
7  Deborah C. Prosser
   Stephanie A. Hingle
8  Attorneys for Defendants
   GENERAL ELECTRIC COMPANY
9  and GE HEALTHCARE INC.

# EXHIBIT "A"

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Feb 27, 2008

FILED
CLERK'S OFFICE

IN RE: GADOLINIUM CONTRAST DYES
PRODUCTS LIABILITY LITIGATION

MDL No. 1909

TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in twelve actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of Ohio. The GE defendants,[1] the Bayer defendants,[2] the Tyco defendants,[3] and defendant Novation, LLC, support centralization, but suggest the Northern District of Ohio as transferee district. Plaintiff in the Northern District of Alabama potentially related action supports centralization, but suggests the District of Colorado as transferee district. Defendant Bracco Diagnostics, Inc. (Bracco) opposes centralization of all claims against Bracco, the Tyco defendants, or the Bayer defendants; or, alternatively, suggests creating a separate MDL for each defendant group; or, alternatively, suggests the District of Kansas as transferee district.

This litigation currently consists of 24 actions listed on Schedule A and pending in thirteen districts as follows: five actions in the Southern District of Ohio; four actions each in the Northern District of Ohio and the Middle District of Tennessee; two actions in the Western District of Texas; and one action each in the Eastern District of Arkansas, the Central District of California, the District of Colorado, the Northern District of Georgia, the Western District of Louisiana, the District of Minnesota, the Western District of Missouri, the District of South Carolina, and the Southern District of Texas.[4]

---

[*] Judges Heyburn and Motz did not participate in the disposition of this matter.

[1] General Electric Co., GE Healthcare Inc., and GE Healthcare Bio-Sciences Corp.

[2] Bayer Healthcare Pharmaceuticals Inc., Bayer Healthcare LLC, Bayer Corp., and Bayer Pharmaceuticals Corp.

[3] Mallinckrodt, Inc., Tyco International Ltd., Tyco Healthcare Ltd., Tyco Holdings Ltd., Tyco Healthcare Group LP, and Covidien Ltd.

[4] The Panel has been notified that 44 other related actions have been filed as follows: four actions in the District of New Jersey; three actions each in the Eastern District of Missouri, the Eastern District of Wisconsin, and the Northern District of West Virginia; two actions each in the Northern District of Alabama, the Eastern District of Arkansas, the Central District of California, the District

-2-

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact and that centralization under Section 1407 in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share questions of fact arising out of the allegation that gadolinium based contrast dyes may cause nephrogenic systemic fibrosis in patients with impaired renal function. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

In opposition to centralization of all MDL No. 1909 actions, defendant Bracco argues, *inter alia*, that (1) the actions do not share sufficient questions of fact because each of the contrast agents is chemically and pharmacologically different; (2) because of the unique properties of each contrast agent, a global MDL will impinge upon the due process rights of the separate defendant companies; (3) when each defendant group is considered separately, there are too few actions to warrant MDL treatment for any claims other than those involving the GE defendants; and (4) alternatives to centralization are available and sufficient to coordinate the small number of claims involving Bracco and the Tyco and Bayer defendants.

We are not persuaded by these arguments. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The MDL No. 1909 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199

---

of Colorado, the Middle District of Louisiana, the District of Maryland, and the District of Minnesota; and one action each in the Western District of Arkansas, the Northern District of California, the District of Connecticut, the District of District of Columbia, the Middle District of Florida, the Central District of Illinois, the Southern District of Illinois, the Southern District of Indiana, the District of Kansas, the Western District of Louisiana, the Western District of Missouri, the Western District of New York, the Middle District of North Carolina, the Northern District of Ohio, the Southern District of Ohio, the Northern District of Oklahoma, and the Eastern District of Pennsylvania. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-3-

F.R.D. at 436-38. We are confident in the transferee judge's ability to streamline pretrial proceedings in all actions, while concomitantly directing the appropriate resolution of all claims.

We are persuaded that the Northern District of Ohio is an appropriate transferee district. This district provides a relatively central forum for this nationwide litigation. In addition, Judge Dan A. Polster has the time and experience to steer this docket on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Ohio are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*    J. Frederick Motz*
Robert L. Miller, Jr.            Kathryn H. Vratil
David R. Hansen                  Anthony J. Scirica

IN RE: GADOLINIUM CONTRAST DYES
PRODUCTS LIABILITY LITIGATION                    MDL No. 1909

## SCHEDULE A

Eastern District of Arkansas

Roland Thomas v. General Electric Co., et al., C.A. No. 4:07-936

Central District of California

Cynthia Kay Mitchell v. Berlex Labs, Inc., et al., C.A. No. 5:07-433

District of Colorado

Greta Carolus, et al. v. General Electric Co., et al., C.A. No. 1:07-714

Northern District of Georgia

Mary Davis, etc. v. General Electric Co., et al., C.A. No. 4:07-202

Western District of Louisiana

Ronald E. Corkern, III v. General Electric Co., et al., C.A. No. 1:07-979

District of Minnesota

William Clark v. General Electric Co., et al., C.A. No. 0:07-3818

Western District of Missouri

Abraham Showalter, et al. v. General Electric Co., et al., C.A. No. 5:07-6102

Northern District of Ohio

John G. Walker, et al. v. Tyco Healthcare Group LP, et al., C.A. No. 1:07-741
Beverly Rockwell, etc. v. Bayer Healthcare Pharmaceuticals, Inc., et al.,
   C.A. No. 1:07-1564
Gwendolyn Dennis v. General Electric Co., et al., C.A. No. 1:07-2849
James Babione v. General Electric Co., et al., C.A. No. 3:07-1977

Southern District of Ohio

Alisha A. Hagwood, et al. v. General Electric Co., et al., C.A. No. 2:07-548
Robert W. Murray, et al. v. General Electric Co., et al., C.A. No. 2:07-612

- A2 -

**MDL No. 1909 Schedule A (Continued)**

<u>Southern District of Ohio (Continued)</u>

Carolyn Hall, etc. v. General Electric Co., et al., C.A. No. 2:07-942
Lance A. Voeltner v. General Electric Co., et al., C.A. No. 2:07-943
Paul W. Frazier, et al. v. Bayer Corp., et al., C.A. No. 2:07-1005

<u>District of South Carolina</u>

Anna White v. General Electric Co., et al., C.A. No. 2:07-1740

<u>Middle District of Tennessee</u>

Danielle Marie Snyder v. GE Healthcare, Inc., et al., C.A. No. 3:07-290
Jeanetta Deason v. General Electric Co., et al., C.A. No. 3:07-619
Jerry Henley, et al. v. Tyco International, Ltd., et al., C.A. No. 3:07-774
Kerry Kurt Phillips, et al. v. General Electric Co., et al., C.A. No. 3:07-824

<u>Southern District of Texas</u>

Lloyd Massie, et al. v. Bayer Healthcare, LLC, et al., C.A. No. 3:07-368

<u>Western District of Texas</u>

Donna Lee v. General Electric Co., et al., C.A. No. 5:07-825
Ray Rodriguez, et al. v. General Electric Co., et al., C.A. No. 5:07-826

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 7 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GADOLINIUM CONTRAST DYES PRODUCTS
LIABILITY LITIGATION

MDL No. 1909

(SEE ATTACHED SCHEDULE)

CONDITIONAL TRANSFER ORDER (CTO-1)

On February 27, 2008, the Panel transferred 20 civil actions to the United States District Court for the Northern District of Ohio for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* ___F.Supp.2d___ (J.P.M.L. 2008). With the consent of that court, all such actions have been assigned to the Honorable Dan A. Polster.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of Ohio and assigned to Judge Polster.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of Ohio for the reasons stated in the order of February 27, 2008, and, with the consent of that court, assigned to the Honorable Dan A. Polster.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Ohio. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

Exh. A
-9-

MDL No. 1909 - Schedule CTO-1 Tag-Along Actions (Continued)

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **LOUISIANA MIDDLE** | |
| LAM 3 07-776 | Michelle Rice v. Bayer Healthcare Pharmaceuticals, Inc., et al. |
| LAM 3 07-826 | Billy Parker v. Bayer Healthcare Pharmaceuticals, Inc., et al. |
| **LOUISIANA WESTERN** | |
| LAW 2 07-1951 | Irven S. Shelton, et al. v. General Electric Co., et al. |
| **MARYLAND** | |
| MD 1 08-337 | Mosetta Burden-White v. General Electric Co., et al. |
| MD 1 08-338 | John Davis, Jr., et al. v. General Electric Co., et al. |
| **MINNESOTA** | |
| MN 0 07-4706 | Loralei L. Knase, et al. v. General Electric Co., et al. |
| MN 0 07-4893 | Harry D. Cleek, et al. v. General Electric Co., et al. |
| **MISSOURI EASTERN** | |
| MOE 4 07-1832 | Jessi Nienke v. General Electric Co., et al. |
| MOE 4 07-1964 | Stewart Watson, V v. General Electric Co., et al. |
| MOE 4 07-2050 | Beverly Lombardo, et al. v. General Electric Co., et al. |
| **MISSOURI WESTERN** | |
| MOW 4 07-869 | David Phillips, et al. v. General Electric Co., et al. |
| **NORTH CAROLINA MIDDLE** | |
| NCM 1 07-927 | Bobby Paul, et al. v. General Electric Co., et al. |
| **NEW JERSEY** | |
| NJ 1 08-559 | Deena W. Wood, etc. v. Bayer Corp., et al. |
| NJ 1 08-562 | Judith Minor, etc. v. Bayer Corp., et al. |
| NJ 3 07-5942 | Paul Brian Staples, et al. v. General Electric Co., et al. |
| NJ 3 07-5985 | Claudia Ethington, et al. v. General Electric Co., et al. |
| **NEW YORK WESTERN** | |
| NYW 6 08-6009 | Jennifer Newton, et al. v. General Electric Co., et al. |
| **OHIO SOUTHERN** | |
| OHS 1 07-1001 | Donald L. Hannah, et al. v. General Electric Co., et al. |
| **OKLAHOMA NORTHERN** | |
| OKN 4 07-666 | Royce Campbell, et al. v. General Electric Co., et al. |
| **PENNSYLVANIA EASTERN** | |
| PAE 2 08-404 | Denise Grant v. General Electric Co., et al. |

IN RE: GADOLINIUM CONTRAST DYES PRODUCTS
LIABILITY LITIGATION

MDL No. 1909

## SCHEDULE CTO-1 - TAG-ALONG ACTIONS

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **ALABAMA NORTHERN** | |
| ALN 2 07-2205 | Joseph L. Smith v. General Electric Co., et al. |
| ALN 2 08-65 | Yalonda Sanders, etc. v. General Electric Co., et al. |
| **ARKANSAS EASTERN** | |
| ARE 4 07-1051 | Ricky Barnes, et al. v. General Electric Co., et al. |
| ARE 4 07-1115 | Christine Black, et al. v. General Electric Co., et al. |
| **ARKANSAS WESTERN** | |
| ARW 2 07-2148 | Bertin A. Nogues v. General Electric Co., et al. |
| **CALIFORNIA CENTRAL** | |
| CAC 2 07-7844 | Beverly Hubbard v. GE Healthcare, Inc., et al. |
| CAC 2 08-518 | Sarah Frascella v. General Electric Co., et al. |
| **COLORADO** | |
| CO 1 07-2542 | Debra Necas v. General Electric Co., et al. |
| CO 1 08-47 | Joanne McBride, etc. v. General Electric Co., et al. |
| **CONNECTICUT** | |
| CT 3 07-1753 | Carmel T. Koerber, etc. v. Bayer Healthcare Pharmaceuticals, Inc., et. al. |
| **DISTRICT OF COLUMBIA** | |
| DC 1 08-122 | Lacey Derosa v. General Electric Co., et al. |
| **FLORIDA MIDDLE** | |
| FLM 6 08-29 | John R. Hackett, et al. v. Bayer Corp., et al. |
| **ILLINOIS CENTRAL** | |
| ILC 3 07-3296 | Earnest Dwight Louderman v. General Electric Co., et al. |
| **ILLINOIS SOUTHERN** | |
| ILS 3 08-1 | Alan Taylor v. General Electric Co., et al. |
| **INDIANA SOUTHERN** | |
| INS 1 08-109 | Danielle Marie Snyder v. Bayer Corp., et al. |
| **KANSAS** | |
| KS 2 07-2513 | Russell Voeltz, et al. v. General Electric Co., et al. |

MDL No. 1909 - Schedule CTO-1 Tag-Along Actions (Continued)

-12-

| DIST. | DIV. | C.A. # | CASE CAPTION |
|---|---|---|---|
| **WISCONSIN EASTERN** | | | |
| WIE | 2 | 07-954 | Greg Reed, et al. v. General Electric Co., et al. |
| WIE | 2 | 07-986 | Gregory Key v. General Electric Co., et al. |
| WIE | 2 | 07-1101 | Robert Sawall, et al. v. General Electric Co., et al. |
| **WEST VIRGINIA NORTHERN** | | | |
| WVN | 5 | 08-27 | Francis Lydon v. Bayer Corp., et al. |
| WVN | 5 | 08-28 | Mary R. Reel v. Bayer Corp., et al. |
| WVN | 5 | 08-29 | George Lipscomb, et al. v. Bayer Corp., et al. |

Exh. A
-12-

Dean F. Murtagh
GERMAN GALLAGHER & MURTAGH PC
200 S. Broad Street
The Bellevue, Suite 500
Philadelphia, PA 19102

Jeffrey D. Pederson
BURG SIMPSON ELDREDGE HERSH
& JARDINE PC
40 Iverness Drive East
Englewood, CO 80112-2866

Harris L. Pogust
POGUST BRASLOW & MILLROOD LLC
Eight Tower Bridge
161 Washington Street
Suite 1520
Conshohocken, PA 19428

Deborah C. Prosser
KUTAK ROCK LLP
515 South Figueroa Street
Suite 1240
Los Angeles, CA 90071

Lyn Peeples Pruitt
MITCHELL WILLIAMS SELIG GATES
& WOODYARD PLLC
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201-3525

Amy W. Schulman
DLA PIPER US LLP
1251 Avenues of the Americas
27th Floor
New York, NY 10020-1104

Rudie Ray Soileau, Jr.
P.O. Box 721
Lake Charles, LA 70602

Jonathan Stark
DANIEL & STARK LAW OFFICES PC
903 Texas Avenue, South
College Station, TX 77840

Thomas N. Sterchi
BAKER STERCHI COWDEN & RICE LLC
2400 Pershing Road
Suite 500
Kansas City, MO 64108-2533

Amber E. Storr
DAMON & MOREY LLP
1000 Cathedral Place
298 Main Street
Buffalo, NY 14202

Christopher M. Strongosky
DLA PIPER US LLP
1251 Avenues of the Americas
New York, NY 10020-1104

Paul J. Suozzi
HURWITZ & FINE PC
1300 Liberty Bldg.
Buffalo, NY 14202

John B. Tally, Jr.
ADAMS & REESE LLP
2100 Third Avenue North
Suite 1100
Birmingham, AL 35203-3200

David K. TeSelle
BURG SIMPSON ELDREDGE HERSH
& JARDINE PC
40 Inverness Drive East
Englewood, CO 80112-2866

Christopher D. Thomas
NIXON PEABODY LLP
1100 Clinton Square
P.O. Box 31051
Rochester, NY 14603

K. Lea Morris Turtle
LEVIN PAPANTONIO THOMAS ET AL
316 S. Baylen Street
Suite 600
Pensacola, FL 32502-5996

Lester C. Houtz
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
1899 Wynkoop Street
8th Floor
Denver, CO 80202

Carrie L. Hund
BASSFORD REMELE PA
33 South 6th Street
Suite 3800
Minneapolis, MN 55402-3701

Matthew C. Hutsell
RAINWATER HOLT & SEXTON
P.O. Box 17250
Little Rock, AR 72222-7250

James B. Irwin, V
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street
Suite 2700
New Orleans, LA 70130

Robert K. Jenner
JANET JENNER & SUGGS LLC
Woodholme Center
1829 Reistertown Road
Suite 320
Baltimore, MD 21208

Seth Alan Katz
BURG SIMPSON ELDREDGE HERSH
& JARDINE PC
40 Inverness Drive East
Englewood, CO 80112-2866

John S. Kearns
SAIONTZ KIRK & MILES PA
3 South Frederick Street
Suite 900
Baltimore, MD 21202

Beth J. Kushner
VON BRIESEN & ROPER SC
411 E. Wisconsin Avenue, Suite 700
Milwaukee, WI 53202

Irwin B. Levin
COHEN & MALAD LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204

Richard A. Lockridge
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401-2179

L. Leonard Lundy
LUNDY LAW
1635 Market Street
19th Floor
Philadelphia, PA 19103

Patrick Lysaught
BAKER STERCHI COWDEN & RICE LLC
2400 Pershing Road
Suite 500
Kansas City, MO 64108-2504

Francis X. Manning
STRADLEY RONON STEVENS & YOUNG LLP
Woodland Falls Corporation Park
200 Lake Drive East
Suite 100
Cherry Hill, NJ 08002

Andrew Lawrence Miller
ANDREW L MILLER & ASSOCIATES PC
15 Saint Asaph's Road
Bala Cynwyd, PA 19004

H. Lockwood Miller, III
COUGHLIN DUFFY LLP
350 Mount Kemble Avenue
P.O. Box 1917
Morristown, NJ 07962-1917

Thomas J. Murphy
COWDERY ECKER & MURPHY LLC
750 Main Street
Suite 910
Hartford, CT 06103-4477

Charles L. Casteel
DAVIS GRAHAM & STUBBS LLP
1550 17th Street
#500
Denver, CO 80202

Michael V. Clegg
8714 Jefferson Highway
Suite B
Baton Rouge, LA 70809

Ann M. DePriester
DLA PIPER US LLP
One Atlantic Center
1201 West Peachtree Street
Suite 2800
Atlanta, GA 30309-3450

Maja C. Eaton
SIDLEY AUSTIN LLP
One South Dearborn Street
Suite 3300
Chicago, IL 60603

Camille Leigh Edwards
BURKE HARVEY & FRANKOWSKI LLC
One Highland Place
2151 Highland Avenue
Suite 120
Birmingham, AL 35205

Lesile Greenspan
STRADLEY RONON STEVENS & YOUNG LLP
2600 One Commerce Square
Philadelphia, PA 19103

Cathy Havener Greer
WELLS ANDERSON & RACE LLC
1700 Broadway
Suite 1020
Denver, CO 80290

Robert William Haiges
HAIGES COURY & ASSOCIATES
9301 Cedar Lake Avenue, Suite 201
Oklahoma City, OK 73114

Paul J. Hanly, Jr.
HANLY CONROY BIERSTEIN SHERIDAN FISHER ET AL
415 Madison Avenue
15th Floor
New York, NY 10017

Charlie J. Harris, Jr.
BERKOWITZ OLIVER WILLIAMS ET AL
2600 Grand Blvd.
Suite 1200
Kansas City, MO 64108

William Todd Harvey
BURKE HARVEY & FRANKOWSKI LLC
One Highland Place
2151 Highland Avenue
Suite 120
Birmingham, AL 35205

Marcus Edward Hayes, Sr.
CRUMLEY & ASSOCIATES PC
2400 Freeman Mill Rd.
Suite 200
Greensboro, NC 27406

Barry M. Hill
HILL WILLIAMS PLLC
89 Twelfth Street
Wheeling, WV 26003

Tor A. Hoerman
SIMMONSCOOPER LLC
707 Berkshire Blvd
P.O. Box 521
East Alton, IL 62024

Lee J. Hollis
HOLLIS LAW FIRM PA
5100 West 95th Street
Prairie Village, KS 66207

Thomas K. Houck
JACOBSON SCHRINSKY & HOUCK SC
759 North Milwaukee Street
Suite 316
Milwaukee, WI 53202-3714

IN RE: GADOLINIUM CONTRAST DYES PRODUCTS
LIABILITY LITIGATION

MDL No. 1909

## INVOLVED COUNSEL LIST (CTO-1)

Janet G. Abaray
BURG SIMPSON ELDREDGE HERSH
& JARDINE PC
312 Walnut Street
Suite 2090
Cincinnati, OH 45202

James W. Ackerman
ACKERMAN LAW OFFICE
230 West Carpenter
Springfield, IL 62702

Robert A. Assuncao
MORISON ANSA HOLDEN ASSUNCAO
& PROUGH LLP
Two Tower Center Blvd.
Suite 1600
East Brunswick, NJ 08816-1100

James E. Berger
SHOOK HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613

John E. Bergstedt
BERGSTEDT LAW FIRM
P.O. Box 1884
Lake Charles, LA 70602

Jonathan A. Berkelhammer
SMITH MOORE LLP
P.O. Box 21927
Greensboro, NC 27420

Albert G. Bixler
ECKERT SEAMANS CHERIN & MELLOTT LLC
50 South 16th Street
Two Liberty Place, 22nd Floor
Philadelphia, PA 19102

Larry W. Blalock
JACKSON KELLY PLLC
P.O. Box 871
Wheeling, WV 26003

Charles P. Blanchard
CHAFFE MCCALL LLP
1100 Poydras Street
Suite 2300
New Orleans, LA 70163-2300

Philip Bohrer
BOHRER LAW FIRM LLC
8712 Jefferson Highway
Suite B
Baton Rouge, LA 70809

Roger E. Booth
BOOTH & KOSKOFF
18411 Crenshaw Blvd.
Suite 380
P.O. Box 6430
Torrance, CA 90504-0430

Mitchell M. Breit
WHATLEY DRAKE & KALLAS LLC
1540 Broadway
37th Floor
New York, NY 10036

Peter J. Brodhead
SPANGENBERG SHIBLEY & LIBER LLP
1900 East Ninth Street
Suite 2400
Cleveland, OH 44114

Peter W. Burg
BURG SIMPSON ELDREDGE HERSH
& JARDINE PC
40 Inverness Drive East
Englewood, CO 80112

James J. Walker
CARTER MARIO
54 Broad Street
Milford, CT 06460

Seth Sharrock Webb
BROWN & CROUPPEN PC
720 Olive Street
Suite 1800
St. Louis, MO 63101-2302

Lyndon Wayne Whitmire
PHILLIPS MCFALL MCCAFFREY MCVAY & MURRAH PC
101 N. Robinson Avenue
Corporate Tower, 13th Floor
Oklahoma City, OK 73102

Raymond M. Williams
DLA PIPER RUDNICK GRAY CARY US LLP
One Liberty Place
1650 Market Street
Suite 4900
Philadelphia, PA 19103-7300

George R. Wise, Jr.
BRAD HENDRICKS LAW FIRM
500 Pleasant Valley Drive
Suite C
Little Rock, AR 72227

Daniel S. Wittenberg
SNELL & WILMER LLP
One Tabor Center
1200 17th Street
Suite 1900
Denver, CO 80202

Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b) Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c) Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d) Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e) Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f) Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5:  MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a) Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b) Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c) Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d) A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e) Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

RULE 5.2:   SERVICE OF PAPERS FILED

(a)   All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)   The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)   Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)   In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)   If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.



MAR 1 0 2008



Exh. A
-19-